UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TICKETOPS CORPORATION,<br><br>    Petitioner and Counter Respondent,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>    Respondent and Counter Petitioner. | C21-931 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a motion for supplemental proceedings in aid of judgment, docket no. 30, filed by Respondent and Counter Petitioner Costco Wholesale Corporation ("Costco"), and a motion for a protective order, docket no. 31, filed by Petitioner and Counter Respondent TicketOps Corporation ("TicketOps"). Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following Order.

**Background**

In September 2021, the Court entered an order, docket no. 17, denying TicketOps's petition to vacate a foreign arbitral award ("Award") and granting Costco's

ORDER - 1

cross-petition to confirm the Award. On September 20, 2021, the Court entered a $16.5 million judgment ("Judgment"), docket no. 21, in favor of Costco and against TicketOps. TicketOps appealed the Court's order, *see* Notice of Appeal (docket no. 26), but to date, TicketOps has not satisfied the Judgment or posted a supersedeas bond. *See* Mot. at 2 (docket no. 30).

Costco moves under Federal Rule of Civil Procedure 69(a) and RCW 6.32.010 for supplemental proceedings in aid of judgment. Costco seeks discovery and a debtor's examination of TicketOps through its founder and owner, Hugh Hall. In addition to discovery of TicketOps's finances and assets, Costco requests records concerning Mr. Hall's personal finances. TicketOps opposes Costco's motion and asks the Court to consider its response as a motion for a protective order. *See* Resp. at 3 n.1 (docket no. 31).

**Discussion**

    **1.**    **Debtor's Examination**

Under Federal Rule of Civil Procedure 62(a), a district court's judgment becomes final and enforceable thirty (30) days after entry of judgment. In aid of a judgment or execution, "the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1). In Washington, a court may, upon application of the judgment creditor, require the

ORDER - 2

1  judgment debtor to appear before the court for a debtor's examination.  RCW 6.32.010.

2  "The scope of discovery allowed under Rule 69 is broad."  *Beautyko LLC v. Amazon*

3  *Fulfillment Servs., Inc.*, No. C16-355, 2018 WL 1792183, at *3 (W.D. Wash. Apr. 16,

4  2018) (citing *Republic of Arg. v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014)).  Discovery

5  of a third-party's assets is permitted if the relationship between the third-party and the

6  judgment debtor "is sufficient to raise a reasonable doubt about the bona fides of [any]

7  transfer of assets between them."  *Credit Lyonnais, S.A. v. SGC Int'l Inc.*, 160 F.3d 428,

8  431 (8th Cir. 1998) (alteration in original).

9     It appears from the record that Costco did not conduct any post-judgment

10  discovery before filing its motion for supplemental proceedings.  Without having

11  engaged in any discovery, the Court concludes that Costco's request for a debtor's

12  examination under RCW 6.32.010 is premature.  The Court does not foreclose the

13  possibility that a debtor's examination under RCW 6.32.010 might be appropriate at a

14  future date.  However, Costco should first utilize other discovery tools to gather relevant

15  evidence.  A debtor's examination before the Court is not necessary for Costco to obtain

16  from TicketOps the discovery that it requests.

17     Instead, the Court finds that other post-judgment discovery is appropriate in this

18  case.  Costco's request to examine Mr. Hall in his capacity as TicketOps's corporate

19  representative is GRANTED, and Costco may depose Mr. Hall.  However, the Court

20  DENIES Costco's request to examine Mr. Hall in his personal capacity.  Costco has

21  presented no evidence that Mr. Hall, a non-party witness, commingled his assets with

22  TicketOps, or otherwise engaged in the questionable transfer of assets, to justify

23

ORDER - 3

discovery into Mr. Hall's personal finances. The fact that Mr. Hall is TicketOps's founder, owner, and CEO does not, standing alone, support Costco's request to examine Mr. Hall in his personal capacity at this time.

Therefore, the Court DENIES Costco's motion, docket no. 30, for a debtor's examination under RCW 6.32.010. The Court GRANTS Costco's request to examine Mr. Hall in his capacity as a corporate representative of TicketOps, and Costco may take Mr. Hall's deposition by remote means in accordance with Federal Rule of Civil Procedure 30, subject to and consistent with this Order. The Court DENIES Costco's request to examine Mr. Hall in his personal capacity, and GRANTS TicketOps motion for a protective order, docket no. 31, as it relates to Mr. Hall's personal finances. Costco's request for document production is GRANTED, subject to and consistent with this Order.

**2.      Contested Categories**

Costco provides twelve (12) categories of information about which it seeks documents and testimony. TicketOps objects to Nos. 2, 3(b) and (c), 4, 5, 6, 7, 8, 9, 10, and 11 as overbroad, unduly burdensome, not proportional to the needs of the case, and brought for the purpose of harassing Mr. Hall. TicketOps also objects to No. 1 as overbroad because there is no temporal limitation and No. 12 to the extent that it seeks documents prior to March 2020. The Court concludes that Nos. 7 and 12 are relevant and proportional to the needs of the case, and DENIES TicketOps motion, docket no. 31, for a protective order with respect to these requests.

ORDER - 4

The Court concludes that Costco's remaining requests, as drafted, are overbroad and, in part, not proportional to the needs of the case, and therefore GRANTS in part TicketOps motion for a protective order. The Court has revised Costco's requests in a manner that would be proportional to the needs of the case, which now read as follows:

> *No. 1*:  Corporate records reflecting the ownership of TicketOps **from July 1, 2019 to present**.
>
> *No. 2*:  Identification of all bank accounts that have been maintained on behalf of TicketOps since July 1, 2019, and copies of all account statements since that date.  This includes accounts in the name of TicketOps and any affiliates.
>
> *No. 3*:  Corporate income tax returns for TicketOps for the past **three** years. If the filing of the most recent return is pending but the return has been prepared or the information is available, this information is requested as well.
>
> *No. 4*:  Documents reflecting the current assets and liabilities of TicketOps, and all asset transfers since July 1, 2019.
>
> *No. 5*:  Documents reflecting all property owned, in whole or in part, by TicketOps, between July 1, 2019, and the present, including but not limited to cash, stocks, notes, judgments, bonds, U.S. treasury bills, mutual funds, money market investments, equipment, machinery, tools, computers, artwork, and multi-media equipment.
>
> *No. 6*:  Documents and records reflecting all real property owned, in whole or in part, by TicketOps, since July 1, 2019.
>
> *No. 8*:  Certificates of title reflecting all vehicles owned, in whole or in part, by TicketOps, since July 1, 2019, including but not limited to cars, trucks, motorcycles, boats, or recreational vehicles or vessels.
>
> *No. 9*: Documents reflecting proceeds from sales by TicketOps since July 1, 2019.
>
> *No. 10*:  Documents reflecting the existence of any security interest, sales contracts, or conditional sales contracts on the items of property owned by TicketOps.

*No. 11*: Records of all accounts receivable, notes receivable, or indebtedness due with respect to TicketOps.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Costco's motion for supplemental proceedings in aid of judgment, docket no. 30, is DENIED in part and GRANTED in part, as follows. Costco's request for a debtor's examination under RCW 6.32.010 is DENIED. Costco's request to examine Mr. Hall in his individual capacity is DENIED. Costco's request to examine Mr. Hall in his capacity as TicketOps's corporate representative is GRANTED, and Costco may take Mr. Hall's deposition by remote means within sixty (60) days of the date of this Order, subject to and consistent with this Order, *see* Discussion Section 2. Costco's request for document production is GRANTED, and TicketOps shall produce responsive documents within thirty (30) days of the date of this Order, subject to and consistent with this Order, *see* Discussion Section 2;

(2) TicketOps's motion for a protective order, docket no. 31, is GRANTED in part and DENIED in part; and

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 4th day of January, 2022.

Thomas S. Zilly
United States District Judge

ORDER - 6